IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,

    Plaintiff,

v.

NURSE STRICKLAND; and OFFICER BRANTLEY,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-49

## O R D E R

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is proceeding *pro se*. On October 11, 2016, Defendant Strickland ("Defendant") filed a pre-answer Motion to Dismiss. (Doc. 10.) The Court directed Plaintiff to file a response to Defendant's Motion to Dismiss, (doc. 12), which Plaintiff has done, (docs. 16, 17). Defendant has now moved to stay discovery in this case until the Motion to Dismiss is resolved. Upon careful consideration, the Court **GRANTS** Defendant's Motion to Stay. (Doc. 15.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good

cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's Motion and that no prejudice will accrue to the parties if Defendant's request is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY **ORDERED** that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendant's Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain.

**SO ORDERED**, this 15th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA