# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,

    Plaintiff,

v.

NURSE STRICKLAND; and OFFICER BRANTLEY,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-49

## O R D E R

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, (doc. 20), and the United States Marshals Service's Unexecuted Return as to Defendant Brantley, (doc. 18). For the reasons which follow, the Court **DIRECTS** the parties to abide by the instructions contained in this Order. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

### I. Unexecuted Return of Service

By Order dated August 8, 2016, the Court directed the United States Marshals Service to serve Defendants Brantley and Strickland with a copy of Plaintiff's Complaint based on Plaintiff's allegations that Defendant Brantley used excessive force against Plaintiff on May 1, 2014, and that Defendants Brantley and Strickland were deliberately indifferent to Plaintiff's resultant serious medical needs. (Doc. 8.) The Clerk of Court prepared USM-285 forms to assist the United States Marshals Service with effectuation of service on Defendants Brantley and Strickland. (Dkt. Entry dated Aug. 8, 2016.) On October 11, 2016, Defendant Strickland filed a pre-Answer Motion to Dismiss, and Plaintiff responded to this Motion. (Docs. 10, 16, 17.) Thereafter, Defendant Strickland filed a Motion to Stay Discovery pending the Court's

resolution of her Motion to Dismiss, and the Court granted her Motion to Stay. (Docs. 15, 19.) On November 10, 2016, the United States Marshals Service Return as to Defendant Brantley was returned as unexecuted with the notation that a last known address for Defendant Brantley was not found and that personnel at Georgia State Prison informed the Marshals Service there was or is "no one by that name" working at Georgia State Prison. (Doc. 18, p. 1.)

The Court **ORDERS** David Grossman, who has filed the Motion to Dismiss on Defendant Strickland's behalf, to make reasonable efforts to obtain a name and an address for "Defendant Brantley" so that he may be served with Plaintiff's Complaint within **thirty (30) days** of this Order and to notify the Court of the results of his efforts.[1] In addition, Mr. Grossman should notify the Court whether the grounds set forth in Defendant Strickland's Motion to Dismiss are applicable to Plaintiff's claims against "Defendant Brantley". This is not to say Plaintiff is relieved from his obligation to prosecute his cause of action. Rather, this Order only speaks to the inherent constraints placed on prisoner-plaintiffs, such as Plaintiff here, in attempting to garner personal information regarding named defendants who are or were employed by the Georgia Department of Corrections. Plaintiff is advised he should also make reasonable efforts to identify and locate "Defendant Brantley" so that he may be served with a copy of Plaintiff's Complaint. Plaintiff is forewarned that the lack of service upon "Defendant Brantley"—even through no fault of his own—may result in the dismissal of his claims against this named Defendant.

---

[1] The Court recognizes that it has stayed discovery in this case. However, Mr. Grossman should make reasonable efforts to learn the identity of "Defendant Brantley" using the information contained in Plaintiff's Complaint. Likewise, Plaintiff should endeavor to learn "Defendant Brantley's" identity based on this same information.

## II.     Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a Motion to Appoint Counsel seeking legal assistance in this case. (Doc. 20.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances."

3

Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED**, this 19th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA