# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,    *
                             *
    Plaintiff,                *
                             *
         v.                  *      CV 616-049
                             *
NURSE STRICKLAND, and OFFICER *
BRANTLEY,                    *
                             *
    Defendants.              *

## O R D E R

By Order dated August 8, 2016, the Court directed the United States Marshals Service to serve Defendants Brantley and Strickland with a copy of Plaintiff's Complaint based on Plaintiff's allegations that Defendant Brantley used excessive force against Plaintiff on May 1, 2014, and that Defendants Brantley and Strickland were deliberately indifferent to Plaintiff's resultant serious medical needs. (Doc. 8.) The Clerk of Court prepared USM-285 forms to assist the United States Marshals Service with effectuation of service on Defendants Brantley and Strickland. (Dkt. Entry dated Aug. 8, 2016.) On October 11, 2016, Defendant Strickland filed a pre-Answer Motion to Dismiss to which Plaintiff has responded. (Docs. 10, 16, 17.) On November 8, 2016, Defendant Strickland filed a Motion to Stay Discovery pending the Court's resolution

of her Motion to Dismiss, which the Court granted on November 15, 2016. (Docs. 15, 19.)

On November 10, 2016, the United States Marshals Service Return as to Defendant Brantley was returned as unexecuted with the notation that a last known address for Defendant Brantley was not found and that personnel at Georgia State Prison informed the Marshals Service there was or is "no one by that name" working at Georgia State Prison. (Doc. 18, at 1.) Accordingly, on December 19, 2016, the Court ordered counsel for Defendant Strickland, Mr. David Grossman, to, *inter alia*, make reasonable efforts to obtain a name and an address for Defendant Brantley so that he might be served with Plaintiff's Complaint and to notify the Court of the results of his efforts. (Doc. 24, at 2.) On January 4, 2017, Mr. Grossman filed a notice with the Court indicating that, to the best of his knowledge and belief, "Defendant Brantley" refers to a former Georgia Department of Corrections ("GDC") employee, Mr. Christopher Brantley.[1] (Doc. 26, at 1.) Mr. Grossman also informed the Court that he does not currently represent Mr. Brantley, that he was unable to locate a current address for Mr. Brantley, and that Mr. Brantley has not responded to correspondence sent to his last known address. Mr. Grossman also filed a motion

---

[1] In Mr. Grossman's notice to the Court, he refers to Defendant Brantley interchangeably as Mr. "Christopher *Bradley*" and "Officer *Brantley*." (See Doc. 26, at 1 (emphasis added).) Mr. Grossman's references to Defendant Brantley by the last name "Bradley" appear to be simple scrivener's errors. (Compare Doc. 26; with Doc. 27 (identifying Defendant Brantley solely as "Christopher Brantley").)

2

requesting permission to file under seal the last known address for Mr. Brantley, citing concerns for the privacy and safety of this former corrections officer, which the Court granted on January 9, 2017. (Docs. 27, 28.) On March 1, 2017, Mr. Grossman filed the last known address for Mr. Brantley with the Clerk under seal. (Doc. 29.)

Upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that a copy of Plaintiff's Complaint (doc. 1) and a copy of the Court's Order dated August 8, 2016 (doc. 8) shall be served upon Mr. Brantley at his last known address (see doc. 29) by the United States Marshals Service without prepayment of cost. See FED. R. CIV. P. 4(c)(3). At this point, the Court has done all that it can to assist Plaintiff in effecting service on Defendant Brantley. Plaintiff is advised that this Order and the Marshals' attempts at service on Mr. Brantley at his last known address **DOES NOT** relieve Plaintiff of his obligation to perfect service on Defendant Brantley and to press this case forward. Plaintiff is warned that the lack of timely service on Defendant Brantley – even through no fault of his own – may result in the dismissal of his claims against this named Defendant. See FED. R. CIV. P. 4(m). Accordingly, should Plaintiff fail to perfect service on Defendant Brantley **by APRIL 6, 2017,** the Court **ORDERS** Plaintiff to **SHOW CAUSE**, in writing, as to why the Court should not dismiss his claims against Defendant Brantley without prejudice. Plaintiff **SHALL FILE** this

3

show cause memorandum **by no later than APRIL 20, 2017.** Plaintiff's failure to timely file his show cause memorandum may result in the dismissal of his claims against Defendant Brantley without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of March, 2017.

*[signature]*
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA