IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,       *
                                *
     Plaintiff,                 *
                                *
     v.                         *     CV 616-049
                                *
NURSE STRICKLAND and OFFICER    *
BRANTLEY,                       *
                                *
     Defendants.                *

## ORDER

By Order dated August 8, 2016, the Court directed the United States Marshals Service to serve Defendants Brantley and Strickland with a copy of Plaintiff's Complaint based on Plaintiff's allegations that Defendant Brantley used excessive force against Plaintiff on May 1, 2014, and that Defendants Brantley and Strickland were deliberately indifferent to Plaintiff's resultant serious medical needs. (Doc. 8.) The Clerk of Court prepared USM-285 forms to assist the United States Marshals Service with effectuation of service on Defendants Brantley and Strickland. (Dkt. Entry dated Aug. 8, 2016.) On October 11, 2016, Defendant Strickland filed a pre-Answer Motion to Dismiss to which Plaintiff has responded. (Docs. 10, 16, 17.) On November 8, 2016, Defendant Strickland filed a Motion to Stay Discovery pending the Court's resolution

of her Motion to Dismiss, which the Court granted on November 15, 2016. (Docs. 15, 19.)

On November 10, 2016, the United States Marshals Service Return as to Defendant Brantley was returned as unexecuted with the notation that a last known address for Defendant Brantley was not found and that personnel at Georgia State Prison informed the Marshals Service there was or is "no one by that name" working at Georgia State Prison. (Doc. 18, at 1.) Accordingly, on December 19, 2016, the Court ordered counsel for Defendant Strickland, Mr. David Grossman,[1] to, *inter alia*, make reasonable efforts to obtain a name and an address for Defendant Brantley so that he might be served with Plaintiff's Complaint and to notify the Court of the results of his efforts. (Doc. 24, at 2.) On January 4, 2017, counsel for Defendant Strickland filed a notice with the Court indicating that, to the best of his knowledge and belief, "Defendant Brantley" refers to a former Georgia Department of Corrections ("GDC") employee, Mr. Christopher Brantley.[2] (Doc. 26, at 1.) Defendant Strickland's counsel also informed the Court that: (i) he does not currently represent Mr. Brantley; (ii) he was unable to locate a current address for Mr. Brantley; and (iii) Mr. Brantley has not

---

[1] On April 5, 2017, Ms. Elizabeth Crowder was substituted for Mr. Grossman as attorney of record for Defendant Strickland. (Doc. 34; see also Docs. 31 & 32.)

[2] In Mr. Grossman's notice to the Court, he refers to Defendant Brantley interchangeably as Mr. "Christopher *Bradley*" and "Officer *Brantley.*" (See Doc. 26, at 1 (emphasis added).) Mr. Grossman's references to Defendant Brantley by the last name "Bradley" appear to be simple scrivener's errors. (Compare Doc. 26; with Doc. 27 (identifying Defendant Brantley solely as "Christopher Brantley").)

2

responded to correspondence sent to his last known address. (Id. at 1-2.) Defendant Strickland's counsel also filed a motion requesting permission to file under seal the last known address for Mr. Brantley, citing concerns for the privacy and safety of this former corrections officer, which the Court granted on January 9, 2017. (Docs. 27, 28.) On March 1, 2017, Defendant Strickland's counsel filed the last known address for Mr. Brantley with the Clerk under seal. (Doc. 29.)

On March 13, 2017, the Court ordered that service be effected on Mr. Brantley by the United States Marshals Service at the address provided by Defendant Strickland's counsel. (Doc. 30, at 3; see also Docs. 30-1 through 30-4.) In its Order, the Court specifically noted that it "has done all that it can to assist Plaintiff in effecting service on Defendant Brantley" and advised Plaintiff that it was his responsibility to promptly serve Defendant or risk his dismissal from this case.[3] (Id.) Accordingly, the Court ordered that Plaintiff,

---

[3] (Doc. 30, at 3 ("At this point, the Court has done all that it can to assist Plaintiff in effecting service on Defendant Brantley. Plaintiff is advised that this Order and the Marshals' attempts at service on Mr. Brantley at his last known address **DOES NOT** relieve Plaintiff of his obligation to perfect service on Defendant Brantley and to press this case forward. Plaintiff is warned that the lack of timely service on Defendant Brantley – even through no fault of his own – may result in the dismissal of his claims against this named Defendant. See FED. R. CIV. P. 4 (m).").) See also FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." (internal quotations and citations omitted)).

3

should he fail to perfect service on Defendant Brantley by April 6, 2017, show cause by April 20, 2017 why the Court should not dismiss his claims against Defendant Brantley without prejudice (the "Show Cause Order"). (Id. at 3-4.) The United States Marshals Service subsequently attempted service at the address provided by Defendant Strickland's counsel, as well as two other addresses. (See Docs. 36, 42; see also Dkt. Entries dated Mar. 24, Apr. 5, Apr. 17, and May 11, 2017). On July 12, 2017, a failure of service receipt was filed with the Court demonstrating that the United States Marshals Service was unable to locate or serve Mr. Brantley.[4] (Doc. 40.)

On April 17, 2017, the Court received Plaintiff's response to the Show Cause Order; therein, Plaintiff argues the factual and legal merits of his underlying Section 1983 claim, but wholly fails to address the issue at hand, namely his failure to effect timely service on Defendant Brantley. (See Doc. 37.) Accordingly, Plaintiff has failed to show good cause for his failure to serve Defendant Brantley.[5] See Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)

---

[4] Notably, while a certified mail receipt was signed by Ms. Danielle Brantley on or about May 17, 2017 for an address located in Uvalda, Georgia (doc. 40), this is insufficient to constitute service of process on Mr. Christopher Brantley. See FED. R. CIV. P. 4(e).

[5] While "the failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)," Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009), an incarcerated plaintiff proceeding *in forma pauperis* "may not remain silent and do nothing to effectuate such service," Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) (citations omitted). See also id. ("At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." (citations omitted)).

4

("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (internal quotations, citations, and alterations omitted)). Similarly, the Court cannot find any other good cause excusing Plaintiff's failure to serve Defendant Brantley. Indeed, the United States Marshals Service and the Clerk of this Court have exercised due diligence in performing their relevant responsibilities under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) upon the information provided by Plaintiff and others and these efforts have failed through no fault of the Marshals or Clerk. The Court concludes that despite the reasonable efforts of the Marshals and Clerk, Mr. Brantley cannot be located. Further, Plaintiff – who has been provided notice of the Marshals' failure to serve Defendant Brantley and his personal responsibility to effectuate timely service on Defendant Brantley – has taken no steps to remedy this failure of service.[6]

Nevertheless, the Court is bound to consider any other circumstances that may warrant an extension of time for Plaintiff to serve Defendant Brantley. See Lepone-Dempsey, 476

---

[6] Notably, while Plaintiff has filed a "Motion for Discovery", he only seeks by way thereof evidence regarding the circumstances of his injuries and treatment rather than about the identity of "Defendant Brantley" or his present whereabouts. (See Doc. 38 ¶¶ 1-5.) Moreover, because Defendant Strickland's counsel has already provided the name of the individual believed to be "Defendant Brantley" (i.e., Mr. Christopher Brantley) and the last known address of that individual – which information Mr. Grossman claims to have obtained from the Georgia Department of Corrections and a "Lexis search" – and service has already been attempted and failed at that address (see docs. 26, 29, 42), the Court has no reason to believe that any such discovery, even if requested, would be of benefit to Plaintiff.

5

F.3d at 1282 ("[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."). One such factor is whether the relevant statute of limitations has run on Plaintiff's underlying claim. See id. ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."). Here, Plaintiff's claims against Defendant Brantley for excessive use of force and deliberate indifference to a serious medical need are brought pursuant to Section 1983 (see doc. 1 at 4-14; see also Doc. 7, at 7-11); such claims are governed by a two-year statute of limitations in Georgia. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (holding that Georgia's two-year statute of limitations applies to Section 1983 actions). Because Plaintiff's claims against Defendant Brantley concern actions that occurred – and injuries suffered – on May 1, 2014 while Plaintiff was confined at Georgia State Prison in Reidsville, Georgia and Plaintiff was immediately aware of these injuries and who caused them (see doc. 1, at 4-14), the two-year statute of limitations for his claims began to run on that date. See Rozar, 85 F.3d at 561-62 ("Federal law determines when a

federal civil rights claim accrues. The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (internal quotations, citations, and alterations omitted)). Accordingly, if Plaintiff's claims against Defendant Brantley are dismissed without prejudice pursuant to Rule 4(m), they will effectively be dismissed with prejudice given that the statute of limitations to bring such an action would have passed. See Rozar, 85 F.3d at 561-62; see also O.C.G.A. § 9-2-61. Therefore, the Court will grant Plaintiff one final extension of the time for service of process under Rule 4(m) before dismissing his claims against Defendant Brantley.

Upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that Plaintiff shall notify the Court of Mr. Christopher Brantley's present and/or last known address(es) **by the close of business on August 21, 2017**. **IT IS FURTHER ORDERED** that a copy of Plaintiff's Complaint (doc. 1) and a copy of the Court's Order dated August 8, 2016 (doc. 8) shall be served upon Mr. Christopher Brantley at his last known addresses in Lyons and Uvalda, Georgia (see docs. 29, 40, 42 (providing the last known addresses for Mr. Christopher Brantley)) – as well as any specific address(es) provided by Plaintiff in response to this Order that are received by August 25, 2017 – by the United

7

States Marshals Service without prepayment of cost. See FED. R. CIV. P. 4(c)(3). The United States Marshals Service is **DIRECTED** to attempt personal service on Mr. Brantley at the aforementioned addresses. See FED. R. CIV. P. 4(e)(2).

Plaintiff is again advised that this Order and the Marshals' attempts at service on Mr. Brantley at his last known addresses **DOES NOT** relieve Plaintiff of his obligation to perfect service on Defendant Brantley and to press this case forward, and he is again warned that the lack of timely service on Defendant Brantley may result in the dismissal of his claims against this named Defendant. See FED. R. CIV. P. 4(m). **Should Plaintiff fail to perfect service on Defendant Brantley by Friday, September 15, 2017,** Plaintiff will be deemed to have failed to timely serve Defendant Brantley and the claims asserted by Plaintiff against Defendant Brantley will be dismissed without prejudice pursuant to Rule 4(m) without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA