IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,

    Plaintiff,

v.

NURSE STRICKLAND; and OFFICER BRANTLEY,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-49

## **O R D E R**

Presently before the Court are Plaintiff's "Motion to Amended Grounds", which the Court construes as a Motion to Amend, and Plaintiff's Motion for Appointment of Counsel. (Docs. 52, 54.) Defendants filed a Response to Plaintiff's Motion to Amend. (Doc. 53.) For the reasons which follow, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES** Plaintiff's Motion for Appointment of Counsel. The Court **DIRECTS** the Clerk of Court to docket Plaintiff's "Motion to Amended Grounds" as a separate docket entry entitled "Plaintiff's Supplemental Complaint".

## **BACKGROUND**

On April 28, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, levying allegations pertaining to the conditions of his confinement at Georgia State Prison. (Doc. 1.) The Court directed service of Plaintiff's Complaint upon Nurse Strickland and Officer Brantley on August 8, 2016. (Doc. 8.) On October 11, 2016, Defendant Strickland filed a Motion to Dismiss, (doc. 10), and Plaintiff filed Responses, (docs. 16, 17). The Court stayed the proceedings in this case upon Defendant Strickland's Motion on November 15, 2016. (Doc. 19.)

Defendant Brantley filed his Answer to Plaintiff's Complaint on September 11, 2017.[1] (Doc. 49.) Plaintiff filed his Motion to Amend on October 2, 2017, nearly an entire year after Defendant Strickland filed her Motion to Dismiss but within twenty-one (21) days of the filing of Defendant Brantley's Answer.

## DISCUSSION

**I.     Plaintiff's Motion to Amend (Doc. 52)**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f).[2] Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473. However, the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the

---

[1] Plaintiff encountered difficulty in having Defendant Brantley served with a copy of his Complaint and the Court's service Order. (See Docs. 44, 51.)

[2] The Eleventh Circuit Court of Appeals has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint does not deprive Plaintiff of his right to amend. Id.

amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

Defendants oppose Plaintiff's Motion. According to Defendants, Plaintiff's desired amendment would be futile, and the Court would not err by denying Plaintiff's Motion. (Doc. 53, p. 1.) Defendants assert Plaintiff does not add any new claims or parties or make any new, meaningful factual averments in his proposed amendment. (Id. at p. 2.)

The Court **GRANTS** Plaintiff's Motion to Amend. In this Motion, Plaintiff only makes factual allegations against Defendant Brantley, and Plaintiff filed his Motion within twenty-one (21) days of the filing of Defendant Brantley's Answer. Fed. R. Civ. P. 15(a)(1). The allegations in his Motion to Amend clarify and supplement Plaintiff's allegations against Defendant Brantley. Under Rule 15(a)(2), Plaintiff's proposed amendment was not made in bad faith, and there is no showing that he was dilatory in moving to amend his Complaint. What is more, Defendant Brantley will not be prejudiced as a result of this amendment. Thus, under either standard contained in Rule 15(a), Plaintiff's proffered amendment is permissible. The Court **DIRECTS** the Clerk of Court to docket Plaintiff's "Motion to Amended Grounds" as a separate docket entry entitled "Plaintiff's Supplemental Complaint", as the contentions set forth therein cannot serve to replace Plaintiff's original Complaint.

## II. Plaintiff's Motion for Appointment of Counsel (Doc. 54)

As noted above, Plaintiff has filed a Motion for Appointment of Counsel seeking assistance in this case. (Doc. 54.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making

this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. In fact, Plaintiff has ably filed motions and other pleadings in this case,

all of which indicate his ability to present the essential merits of his claims to this Court. For these reasons, the Court **DENIES** Plaintiff's Motion.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES** his Motion for Appointment of Counsel. The Court **DIRECTS** the Clerk of Court to docket Plaintiff's "Motion to Amended Grounds" as a separate docket entry entitled "Plaintiff's Supplemental Complaint".

**SO ORDERED**, this 21st day of November, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA