# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM NAVARRO CASTILLO,

    Plaintiff,

v.

OFFICER BRANTLEY,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-49

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a 42 U.S.C. § 1983 Complaint contesting certain events occurring during his incarceration at Georgia State Prison in Reidsville, Georgia. Doc. 1. This matter is before the Court on Plaintiff's Motion for Summary Judgment, doc. 65, to which Defendant has filed a Response, doc. 67. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.

## BACKGROUND[1]

On April 28, 2016, Plaintiff filed a Complaint containing allegations against multiple Defendants, including Officer Brantley.[2] Doc. 1. Plaintiff contends Defendant Brantley, a correctional officer at Georgia State Prison, was assigned to administrative segregation on May 1, 2014 and was picking up food trays. Id. at 5. Plaintiff asserts that he had previously notified

---

[1] The recited facts represent the facts in the record and draw all reasonable inferences in the light most favorable to Defendant, the non-moving party. See Peppers v. Cobb County, 835 F.3d 1289, 1295 (11th Cir. 2016).

[2] As discussed further below, Defendant Brantley is the sole remaining Defendant to this suit. The Court, therefore, discusses Plaintiff's allegations only as to Defendant Brantley and omits the allegations Plaintiff raised against individuals who have since been dismissed as named Defendants.

Defendant Brantley's supervisor that Defendant Brantley had not given ice to prisoners in segregation even though it was May and approximately 100 degrees in Plaintiff's cell.  Id. Plaintiff claims that, when he put his cup out to get ice, Defendant Brantley intentionally closed the box door on Plaintiff's hand, resulting in the destruction of the middle finger on Plaintiff's right hand.  Id.  Plaintiff further claims that Defendant Brantley walked away after injuring Plaintiff, and once Plaintiff notified another officer of his injury, Defendant Brantley was dismissive and unconcerned and did not provide Plaintiff medical treatment.  Id. at 8.  Another officer then took Plaintiff to the infirmary.  Id.  Plaintiff claims that as a result of Defendant Brantley's actions, he was in pain for 12 days and no longer has any feeling or sensation in his injured finger.  Id. at 13.

On August 8, 2016, the Magistrate Judge recommended the Court dismiss Plaintiff's claims against all Defendants except for Defendant Brantley and Nurse Strickland and that the Court dismiss all of Plaintiff's claims for monetary damages against Defendants in their official capacities.  Doc. 7.  The Court adopted those recommendations on October 25, 2016.  Doc. 13. Plaintiff was allowed to proceed on deliberate indifference claims against Defendants Brantley and Strickland, as well as an excessive force claim against Defendant Brantley.  Defendant Strickland subsequently filed a motion to dismiss.  Doc. 10.  The Magistrate Judge recommended that the Court grant that motion and dismiss Defendant Strickland based on Plaintiff's failure to exhaust administrative remedies.  Doc. 59.  The Court adopted that recommendation on March 9, 2018 and dismissed Defendant Strickland from this case.  Doc. 61.

Defendant Brantley is the sole remaining Defendant in this case.  The United States Marshal personally served Defendant Brantley's wife at Defendant Brantley's residence on

August 21, 2017. Doc. 45. Defendant Brantley then filed an Answer on September 11, 2017, and the parties engaged in discovery. Doc. 49. Discovery closed on March 29, 2018, and the deadline for pretrial motions was set for April 28, 2018. Doc. 64. On April 16, 2018, Plaintiff filed the Motion for Summary Judgment now before the Court, and on May 7, 2018, Defendant filed a Response. Docs. 65, 67.

## DISCUSSION

Plaintiff moves for summary judgment. As explained below, a genuine dispute of material fact remains. I, therefore, **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.

## I. Standard of Review

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." See Moton v.

3

Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).

## II. Plaintiff's Remaining Claims

Plaintiff has two remaining claims against Defendant Brantley, a claim for deliberate indifference to medical needs and a claim for excessive force. Doc. 7. Plaintiff must prove the essential elements of these claims in order to prevail. In the context of deliberate indifference, Plaintiff must show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; and (3) causation. Smalls v. Berrios, Case No. 3:06cv95, 2007 WL 1827465 at *4 (N.D. Fla. June 25, 2007); Alexander v. Barefield, Case No. 5:06cv22, 2007 WL 1655383 at*3–4 (N.D. Fla. June 7, 2007). In the context of excessive force, Plaintiff must show that "force was applied . . . maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320–21 (1986) (citations omitted). Plaintiff has not demonstrated that there is no genuine dispute of material fact as to these elements.

Plaintiff's Motion consists of 10 pages of argument and is not accompanied by any evidence or exhibits. Doc. 65. The first three pages of Plaintiff's Motion consist primarily of a recitation of the allegations contained in his Complaint. Id. at 1–3. The next three pages are

difficult to follow but appear to identify alleged discrepancies in Defendant's discovery responses. Id. at 4–6. Plaintiff references his interrogatories and requests for production but does not attach any of the requests or Defendant's responses to his Motion. Id. The remainder of Plaintiff's Motion consists of assertions that Plaintiff properly exhausted his administrative remedies and appears to suggest that his Complaint should not be dismissed.[3] Id. at 8 ("Defendant must produce more than a 'mere scintilla' of evidence to support why complaint should be dismissed[.]); Id. at 11 ("Plaintiff respectfully request [sic] that the Court grant relief in its entirety and that the defendant are [sic] not entitled to summary judgment.").

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir. 2009); Fed R. Civ. P. 56(c). Here, Plaintiff has not pointed to any information on the record which would show that there is no genuine issue of material fact in this case. To the contrary, genuine issues of material fact remain to be tried before a jury. Because no parties have filed any discovery responses with the Court, the record is essentially limited to Plaintiff's Complaint and Defendant's Answer. Docs. 1, 49. Based upon these pleadings, the only material fact on which the parties agree is that Defendant was working at Georgia State Prison on May 1, 2014 and that Plaintiff was incarcerated at Georgia State Prison on that same date. Doc. 49 at 4–5. Accordingly, multiple facts remain to be determined by a jury, and I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment. Doc. 65.

---

[3] Defendant has not moved for summary judgment. Rather, Defendant concedes that "there are genuine issues to be decided by a jury." Doc. 67 at 5. Plaintiff's Motion, therefore, is focused on arguments Defendant has not raised.

5

## CONCLUSION

For the forgoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment. Doc. 65. The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Motion must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED**, this 26th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA